## State of Vermont v. Beverly Macie

[497 A.2d 373]

No. 83-499

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed May 31, 1985

*Philip H. White*, Orleans County State's Attorney, and *Thomas D. Anderson*, Deputy State's Attorney, Newport, for Plaintiff-Appellee.

*David C. Sleigh*, Public Defender, St. Johnsbury, for Defendant-Appellant.

**Peck, J.** This is an appeal by defendant Beverly Macie from a conviction of driving while under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2). Defendant claims the trial court erred when it denied her motion to suppress evidence of a breath test and the test results. She contends that the police interfered with her statutory right to reflect upon the breath test request under 23 V.S.A. § 1202(c).* We disagree and affirm the conviction.

On January 22, 1983, at approximately 2:00 a.m., defendant was arrested on suspicion of driving under the influence of intoxicating liquor and transported to the Vermont State Police barracks at Derby, Vermont, for processing. During processing, the arresting officer requested that defendant submit to a breath test, and told her that she had the right to consult with an attorney and "thirty minutes within which to make a decision" regarding the test. Exercising her right to counsel, defendant spoke privately with an attorney by telephone at approximately 2:40 a.m. After

---

* 23 V.S.A. § 1202(c) reads:

    A person who is requested by a law enforcement officer to submit to a test which is intended to be introduced into evidence, under this section shall have the right to consult an attorney prior to deciding whether or not to submit to such a test. The person must decide within a reasonable time, but no later than thirty minutes from the time of the initial attempt to contact the attorney, whether or not to submit to the evidentiary test.

the defendant's initial consultation with counsel, the police officer again asked if she would submit to a breath test. Her response was equivocal: "I don't know what I want to do." Thereupon, the police officer, on his own initiative, contacted defendant's counsel by phone a second time, and again she consulted with the attorney on the telephone. Immediately after this second consultation, defendant consented to the breath test which was administered at 2:52 a.m., twelve minutes after defendant's initial contact with her counsel. The lower court denied defendant's motion to suppress the breath test and its results. She was subsequently convicted and thereafter filed this appeal.

The defendant claims that the police officer improperly interfered with her statutory right to a reasonable time to consider the breath test request. Based on that claimed interference, she argues the court below erred when it denied her motion to suppress the test results.

In support for her contention, defendant cites this Court's opinion in *State* v. *Carmody*, 140 Vt. 631, 442 A.2d 1292 (1982). In that case we considered the thirty minute waiting period provided by 23 V.S.A. § 1202(c) that triggers a refusal determination. *Id.* at 636, 442 A.2d at 1295. We held that the police imposed an unauthorized restraint upon the DUI suspect during the statutory thirty minute period when they refused the suspect's request to make a phone call to her boyfriend. We wrote:

> The legislature specifically demonstrated its concern that any refusal to be tested not be lightly decided, by providing for counsel and for time for reflection. To allow unauthorized police action to cloud the otherwise voluntary nature of the decision to refuse testing would be inconsistent with that concern. Since the impact of actions seen as coercive or restrictive is almost impossible to measure after the fact, as we have noted in connection with improprieties directed at juries, we are compelled to the position that a mere demonstration that such actions occurred creates a flaw in the procedure. *Bellows Falls Village Corp.* v. *State Highway Board*, 123 Vt. 408, 414, 190 A.2d 695, 699 (1963).

*Id.* at 636-37, 442 A.2d at 1295.

The concern of the Legislature was the voluntary nature of the DUI suspect's response to a breath test request. The unauthorized restraint the police imposed in *Carmody* was seen as "coer-

cive or restrictive" and so flawed the refusal procedure that we reversed the DUI conviction. We hold that the police action in the instant case did not create the coercive or restrictive climate which flawed the procedure in the earlier case.

█ Defendant claims that the officer's initiation of the second contact with her attorney somehow interfered with her "reasonable time" to reflect. The officer need not have contacted defendant's attorney the second time. He could have simply waited thirty minutes after the defendant's initial contact with her attorney. Nevertheless, the second contact with the attorney, even though initiated by police, did not create a coercive or restrictive impact upon the defendant or interfere with the voluntary nature of her decision. As we said in *Carmody*, the Legislature provided a two-pronged safeguard to protect that voluntariness—reflection time *and* counsel. *Id.* The officer's efforts here served to produce an added *opportunity to consult with counsel*; thus, when defendant finally agreed to submit to the breath test, she had been given two opportunities to consult with her attorney who, presumably, was representing her own best interest and offering advice based on that interest. We reject the argument that police efforts to contact counsel for defendant the second time, and thereby facilitate the use of one of the two devices provided to insure a voluntary decision, should be construed as creating a coercive or restrictive climate. On the contrary, the officer went further in safeguarding her interests than is required.

█ Defendant also seems to suggest that, since the breath test was administered only twelve minutes after her initial contact with counsel, she was denied her right to consider the breath test request for a full thirty minutes. However, this Court has held that the statutory thirty minutes is the *maximum* "reasonable time," not a minimum, in which to refuse the breath test. *Stockwell* v. *District Court*, 143 Vt. 45, 460 A.2d 466 (1983). A refusal within that period tolls its running. *Id.* In case there is any doubt, we hold now that the same rule applies in the event of an agreement to submit to the test. Thus, if a suspect consents to a breath test at any time prior to the expiration of the statutory period of thirty minutes, measured from the time of the initial attempt to contact an attorney, and the surrounding facts and circumstances indicate the expired period to have been a reasonable time for reflection, the police may proceed to administer the test immedi-

ately. They are not required to delay its administration until the full thirty minutes has elapsed.

In the instant case, defendant has not satisfied her burden to show any unwarranted pressures, coercion or restraints upon her by the police which might have affected her decision adversely, or inhibited the voluntariness of her consent. She was not entitled to additional time for reflection. There was no error.

*Affirmed.*