## Steven L. Pfeil v. Rutland District Court

[515 A.2d 1052]

No. 85-312

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 1, 1986

306

*David W. Curtis*, Defender General, and *Henry Hinton*, Appellate Defender, Montpelier, for Plaintiff-Appellee.

*Stephen J. Craddock*, Rutland County Deputy State's Attorney, Rutland, for Defendant-Appellant.

**Hill, J.** The State of Vermont appeals an order of the superior court vacating a district court order entered pursuant to 23 V.S.A. § 1205(a) requiring the Commissioner of Motor Vehicles (Commissioner) to suspend defendant's license to operate a motor vehicle for a period of six months because he refused to submit to alcohol testing. The State makes three arguments on appeal. First, it argues that case law conferring jurisdiction on the superior court to hear the appeal should be overruled. Second, it contends that even if the court had jurisdiction, it went beyond the issues properly before it in an appeal from a hearing on defendant's refusal to take the breath test (refusal hearing). Finally, the State contends that the court's conclusion that defendant was denied effective assistance of counsel was wrong as a matter of law. We agree with the State in part; the superior court did not have jurisdiction to hear defendant's appeal under V.R.C.P. 75. Nevertheless, we have decided to treat defendant's appeal as a petition for extraordinary relief properly filed in this Court, and we agree with the substance of the superior court's order.

The facts are undisputed. A Vermont state police officer approached defendant's vehicle to investigate why defendant was parked in a school parking lot in the early morning hours on Feb-

ruary 22, 1985. During the course of this investigation the officer noticed a number of empty beer cans in the vehicle, a strong odor of alcohol, and other clinical signs of intoxication. The officer administered a roadside sobriety test. He then transported defendant to the local police barracks to process him for driving under the influence of intoxicating liquor (DUI).

Defendant maintained a hostile attitude toward the arresting officer from the outset of the encounter, and he was handcuffed to the wall of the barracks to avoid a possible confrontation. After being advised of his *Miranda* rights, defendant asked to speak with an attorney. During the next half hour, he spoke to a public defender on two occasions. During both of these telephone conversations, two police officers remained in the room with defendant while defendant remained handcuffed to the wall. The two officers overheard defendant's entire conversation with his attorney.

Defendant subsequently refused to take the breath test. At the refusal hearing held pursuant to 23 V.S.A. § 1205(a), the district court found that the arresting officer reasonably believed that defendant was operating, attempting to operate, or in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The district court forwarded this finding to the Commissioner, and ordered him to suspend defendant's license for six months in accordance with the statute.

Defendant, citing *Miner* v. *District Court*, 136 Vt. 426, 392 A.2d 390 (1978), appealed to the superior court. The superior court found that defendant had been denied his right to effective assistance of counsel, and that this denial negated the voluntary nature of his decision to refuse testing. Accordingly, it vacated the district court's order directing the Commissioner to suspend defendant's driver's license.

■ In *State* v. *Dellveneri*, 128 Vt. 85, 88, 258 A.2d 834, 836 (1969), this Court held that the summary refusal hearing "is in the nature of an administrative proceeding and is the determination of a civil matter, involving only the question of whether the respondent should, or should not, be continued in his privilege as a licensed driver for a six months period." Although we recognize that summary hearings may be civil or criminal in nature, we adhere to our holding in *Dellveneri*. See *State* v. *Muzzy*, 124 Vt. 222, 224, 202 A.2d 267, 269 (1964) (refusal hearings are separate and distinct proceedings from criminal DUI trials).

In *Miner, supra*, 136 Vt. at 429, 392 A.2d at 392, this Court determined that an appeal from a refusal hearing "was properly brought under the provisions of V.R.C.P. 75, which provides the appropriate procedure for superior court review in cases . . . where review is available as a matter of general law by a proceeding in the nature of certiorari." This was an incorrect statement of the law. Rule 75 applies only to actions taken by "an agency of the state or a political subdivision thereof . . . ." A district court does not come within either of these classifications. See *id.* at 431, 392 A.2d at 393 (Billings, J., concurring).

■ There is no statutory right to appeal from an adverse ruling in a refusal hearing. Consequently, the review available is by way of a petition for extraordinary relief. *Id.* at 430, 392 A.2d at 393 (Billings, J., concurring).

Petitions for extraordinary relief should ordinarily be addressed to the superior courts. See V.R.A.P. 21 (petition must set "forth the reasons why there is no adequate remedy by appeal under these rules or by appeal or proceedings for extraordinary relief in the County Courts."); see also 4 V.S.A. §§ 2 and 113 (granting Supreme Court and the superior courts concurrent jurisdiction over proceedings in certiorari). Nevertheless, in order to conserve judicial resources and avoid an unnecessary duplication of effort, we have decided not to vacate the superior court's order for lack of jurisdiction under V.R.C.P. 75, and to treat defendant's appeal as a petition for extraordinary relief properly filed in this Court. It should be noted, however, that our holding here in no way guarantees persons charged with DUI the right to appeal from a district court's ruling in these matters. Proceedings in the nature of certiorari are now encompassed with V.R.A.P. 21 governing writs for extraordinary relief. The issuance of a writ in such proceedings "is largely discretionary according to the merits of the case made by the petition and the record." *In re Davenport*, 129 Vt. 546, 554, 283 A.2d 452, 455 (1971).

We now turn to the merits of the case at bar. According to the State, the only fact at issue in a summary refusal hearing is the reasonableness of the officer's belief that the defendant was operating or attempting to operate a motor vehicle while under the influence of intoxicating liquor. See 23 V.S.A. § 1205. At first glance, this argument seems persuasive as the Legislature expressly deleted reference to the reasonableness of the defendant's refusal to submit to a test in 1968. See 23 V.S.A. § 1191 (re-

pealed). In *State* v. *Carmody*, 140 Vt. 631, 636, 442 A.2d 1292, 1295 (1982), however, this Court noted that the Legislature, in granting DUI suspects the statutory right to consult with counsel before deciding whether to submit to testing, "specifically demonstrated its concern that any refusal to be tested not be lightly decided, by providing for counsel and for time for reflection." The Court concluded that unauthorized police action which interfered with a person's statutory right to consult with counsel before submitting to a test clouded the "otherwise voluntary nature of the decision to refuse testing . . . ." *Id.*

The Court in *Carmody* limited its holding to the issue before it: evidence of a refusal tainted by unauthorized police action is inadmissible in a subsequent DUI prosecution. *Id.* at 636, 442 A.2d at 1295. It would be an anomalous result, however, to allow the Commissioner to suspend a person's license to operate a motor vehicle on the highways of this state for six months where coercive or restrictive police practices affect the person's decision to refuse testing.

The statutory right to counsel that attaches prior to testing includes the right to communicate freely with an attorney in private. *State* v. *Lombard*, 146 Vt. 411, 415, 505 A.2d 1182, 1184-85 (1985). This right is not absolute: if the defendant presents a legitimate security risk, and the evidence in no way suggests that he felt inhibited, coerced, or restricted in his conversation by police action, he has probably failed to show a violation. *Id.* We do not find, however, that either of these potential justifications are present here. First, defendant was handcuffed to the wall throughout his entire conversations with his attorney. Thus, whatever security risk defendant may have posed had been amply guarded against. Second, although defendant nowhere stated that he felt inhibited, we are unable to conclude that he did not feel restricted or coerced during his conversation with his attorney. In short, remaining within earshot of a defendant, who had recently fled the scene of an accident, calling from a public phone, see *id.*, is qualitatively different from stationing two police officers, who admit to being able to overhear defendant's entire conversation with his attorney, in a small room with a handcuffed defendant.

In *Carmody, supra*, 140 Vt. at 636, 442 A.2d at 1295, we noted that "[s]ince the impact of actions seen as coercive or restrictive is almost impossible to measure after the fact, . . . we are compelled to the position that a mere demonstration that such ac-

tions occurred creates a flaw in the procedure." The officers' conduct in this case was certainly coercive or restrictive in nature. Had defendant been afforded a meaningful opportunity to consult with counsel, he may well have submitted to testing. Thus, we are precluded from finding a voluntary refusal.

*District court's order directing the Commissioner of Motor Vehicles to suspend defendant's license is vacated.*