# Michael Fontaine v. District Court of Vermont, Unit No. 2, Washington Circuit; Commissioner of Motor Vehicles; and State of Vermont, Department of Motor Vehicles

[547 A.2d 1362]

No. 86-099

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed May 13, 1988

*Michael Fontaine, pro se*, Montpelier, Defendant-Appellant.

*Jane Woodruff, Washington County Deputy State's Attorney,* Barre, for Appellees.

**Hill, J.** Defendant appeals an order of the superior court entered on January 8, 1986, affirming a district court order that required the Commissioner of Motor Vehicles to suspend defendant's license to operate a motor vehicle for a period of six months because he refused to submit to alcohol testing. We affirm the district court's order.

At the outset, we note that under our recent decision in *Pfeil* v. *Rutland District Court*, 147 Vt. 305, 308, 515 A.2d 1052, 1054-55 (1986), the superior court did not have jurisdiction over defendant's appeal under V.R.C.P. 75. Nevertheless, because that court's

judgment preceded *Pfeil*, we treat defendant's appeal as a petition for extraordinary relief properly filed in this Court. *Id.* Thus, as in *Pfeil*, we review the district court's order rather than that of the superior court. In the future, however, superior court review of district court orders in refusal hearings will be available only by way of a petition for extraordinary relief, and only where the merits of the case warrant such review. *Id.*

Defendant presents three arguments: (1) that the district court's finding of a refusal was clearly erroneous; (2) that the district court erred by taking judicial notice of defendant's prior conviction for driving while intoxicated; and (3) that the Vermont Constitution guarantees the right to refuse a breath test.

The facts are as follows. After a police officer had stopped defendant for speeding, he noted signs of intoxication and requested that defendant perform dexterity tests. Following defendant's poor performance on the tests, he was transported to the police station for processing. At the station, defendant was advised of his rights and read a Sample Request Form. Throughout the processing, defendant was belligerent and unruly.

Thirty minutes after defendant had consulted with his attorney, the officer handed him the Sample Request Form, which now contained numerous notations concerning the processing made by the officer, and asked defendant to sign it as an indication of his consent to testing. While the evidence is conflicting as to subsequent events, the district court found that defendant attempted to impose conditions to taking the test, including a review of all of the arresting officer's paperwork associated with the test. Concluding that defendant's demands were unreasonable, the officer determined that defendant had refused to submit to testing, issued a citation, and released defendant. The refusal was declared by the officer eight minutes after the statutorily mandated thirty-minute period had elapsed. See 23 V.S.A. § 1202(c) (a "person must decide . . . no later than thirty minutes from the time of the initial attempt to contact the attorney, whether or not to submit to the evidentiary test.").

We first address defendant's argument that the district court erred in finding a refusal based on these facts. He maintains that the police officer improperly required his signature on the sample request form as a precondition to taking the test, that the officer should have informed him that a signature was not neces-

sary, and that his behavior could not therefore constitute a refusal.

A lower court's finding of fact will withstand review in this Court unless, when the evidence is viewed in the light most favorable to the prevailing party, the finding is clearly erroneous. *Harman* v. *Rogers*, 147 Vt. 11, 19, 510 A.2d 161, 166 (1986). Questions regarding the credibility of the witnesses, the weight of the evidence, and its persuasive effect are properly left to the trier of fact. *State* v. *Parker*, 139 Vt. 179, 182, 423 A.2d 851, 852 (1980). Moreover, a refusal to submit to DUI testing can be inferred from the totality of the surrounding facts and circumstances; an individual may refuse testing through his behavior as well as by his words. *Stockwell* v. *District Court*, 143 Vt. 45, 50, 460 A.2d 466, 468-69 (1983).

Here, the district court found that defendant agreed to the testing but then demanded a glass of water and insisted upon reading all of the processing paperwork before signing the form; "[t]he officer then indicated that defendant could just take the test. He did not require defendant's signature as a precondition to the test." The court found that defendant again refused to submit to testing until reading all of the officer's paperwork and that, because the statutory time period for decision had elapsed, the officer treated the situation as a refusal. These findings are predicated primarily on the credibility of the witnesses, they are firmly based on the evidence elicited at the refusal hearing, and they are not clearly erroneous.

Defendant's second claim of error with regard to the finding of refusal has merit, and we agree that the district court erred by taking judicial notice of his previous conviction for DUI. See *In re Estate of Leno*, 139 Vt. 554, 557, 433 A.2d 260, 262 (1981). Considering the record as a whole, however, *State* v. *Nash*, 144 Vt. 427, 434, 479 A.2d 757, 761 (1984) (citing *United States* v. *Hasting*, 461 U.S. 499, 508-09 (1983)), this error was harmless. The court stated that the prior conviction was only one factor considered in finding a refusal,* and substantial additional evidence supported its finding. Moreover, the danger of unfair prejudice from the consideration of the prior conviction was minimal because no jury was involved. Cf. *State* v. *Gardner*, 139 Vt.

---

* The district court took notice of the prior conviction in order to find that defendant was a person not unfamiliar with DUI processing procedure.

456, 458, 433 A.2d 249, 250 (1981) (admission of prior convictions considered extremely prejudicial in a jury trial).

Defendant's state constitutional claim was not raised in the district court, and review would depend ordinarily upon a showing of plain error. See *State* v. *Paquette*, 146 Vt. 1, 4, 497 A.2d 358, 361 (1985). Defendant has failed to demonstrate plain error here, so we decline to address the state constitutional claim. We note, however, that a similar claim was rejected in *State* v. *Brean*, 136 Vt. 147, 151, 385 A.2d 1085, 1088 (1978).

*Affirmed.*