**STATE of Vermont v. Alan Barry GEORGE**

[640 A.2d 26]

No. 92-659

January 13, 1994. Defendant seeks reversal of an order suspending his license, arguing that the district court erred in concluding that he had refused to submit to an evidentiary test. We affirm.

Section 1202(c) of Title 23 provides as follows:

> A person who is requested by a law enforcement officer to submit to an evidentiary test has the right to consult an attorney before deciding whether or not to submit to such a test. The person must decide whether or not to submit to the evidentiary test within a reasonable time, but no later than 30 minutes from the time of the initial attempt to contact the attorney.

The statutory thirty-minute time period "is the maximum reasonable time, not the minimum." *Stockwell v. District Court*, 143 Vt. 45, 50, 460 A.2d 466, 468 (1983). "The statutory reasonable time is tolled either by the expiration of the thirty minutes or by a reasonably clear refusal to submit to the test, whichever occurs first in time." *Id.* at 49–50, 460 A.2d at 468. Absent an affirmative statement of refusal, "a refusal may be implied from the totality of the surrounding facts and circumstances." *Id.* at 50, 460 A.2d at 468; see also *Gilman v. Commissioner of Motor Vehicles*, 155 Vt. 251, 252, 583 A.2d 86, 86 (1990) (refusal may be implied if person's conduct "would lead a reasonable person in the trooper's position to believe that the person understood he was requested to submit to a breath test and manifested an unwillingness to do so"). But a refusal will not be found if defendant has not "been afforded a meaningful opportunity to consult with counsel." *Pfeil v. Rutland District Court*, 147 Vt. 305, 310, 515 A.2d 1052, 1056 (1986). If defendant's counsel of choice is unavailable, we have held that a request for submission to a DUI test requires notification of a

public defender "unless waived by the suspect . . . before a decision about taking the test is required." *State v. Garvey*, 157 Vt. 105, 107, 595 A.2d 267, 268 (1991).

Here, defendant, who is an attorney himself, stated that he wanted to speak to attorney Susan Morale before deciding whether to submit to the test. The officer attempted to reach Ms. Morale four times between 11:14 p.m. and 11:20 p.m., but each time the line was busy. At that point, the officer began calling public defenders. Although the first public defender on the list was not available, the officer spoke to her husband, who, unbeknownst to the officer, was defendant's law partner. After the officer hung up, defendant indicated that he would speak to the public defender's husband, whom he identified as his law partner. The officer, however, proceeded to call the next public defender on the list, and when the officer reached that public defender, the officer handed the telephone to defendant. Defendant testified that the public defender did not give him any advice, and that he merely asked the defender to call Ms. Morale. Again, defendant refused to submit to a test without talking to Ms. Morale. The officer attempted to reach Ms. Morale one more time at 11:35 p.m., but the line was still busy. At 11:36 p.m., twenty-two minutes after the officer first attempted to obtain counsel for defendant, the officer made a final request that defendant submit to a test. When defendant refused to do so without first speaking to Ms. Morale, the officer recorded a refusal.

The trial court found that defendant had been given the opportunity to speak to counsel and a reasonable amount of time to decide whether to take the test, and that a refusal could be implied from the totality of the circumstances. Defendant, however, argues that 23 V.S.A. § 1202(c) does not protect defendant's right to speak to *any* attorney within the statutory thirty-minute period, but rather protects defendant's right to speak to his attorney *of choice* within that period, and that even if, as here, defendant is given the opportunity to speak with a public defender before thirty minutes have elapsed, defendant must nonetheless be allowed any time remaining of the full thirty minutes to attempt to contact his attorney of choice. We conclude that the lower court's finding of a refusal, based on the totality of the circumstances, is not clearly erroneous. See *Fontaine v. District Court*, 150 Vt. 28, 30, 547 A.2d 1362, 1363 (1988) (applying clearly erroneous standard for reviewing trial court's finding of refusal based on totality of surrounding facts and circumstances).

The legislature in 23 V.S.A. § 1202(c) gave a motorist in defendant's position "the right to consult *an* attorney prior to deciding whether or not to submit to such a test." 23 V.S.A. § 1202(c) (emphasis added). Under this statute, defendant must be "afforded a meaningful opportunity to consult with counsel." *Pfeil*, 147 Vt. at 310, 515 A.2d at 1055–56 (1986); see also *Gilman*, 155 Vt. at 255, 583 A.2d at 88 (Dooley, J., dissenting) ("lack of a meaningful opportunity to consult with counsel means that the court can not find a voluntary refusal"). In the instant action, defendant was provided with an attorney, as required by the statute, and had a "meaningful opportunity" to consult with that attorney; this fact is not negated by defendant's refusal to take advantage of that opportunity. Further, the officer made a good faith effort to provide defendant with his attorney of choice. After four unsuccessful attempts to reach the attorney of choice, the officer reasonably concluded that she was unavailable and that de-

fendant should speak with a public defender before the statutory thirty-minute period had elapsed. The officer's actions comported fully with our decision in *State v. Garvey*, in which we held that a defendant whose attorney is unavailable should be afforded an opportunity to speak with a public defender "before a decision about taking the [blood alcohol] test is required." *Garvey*, 157 Vt. at 107, 595 A.2d at 268.

The officer did not have to wait until the last possible minute to conclude that defendant had implicitly refused to submit to a test. Once a suspect has spoken with the attorney, thirty minutes is the maximum amount of time the suspect can take before deciding whether to take the test, not the amount of time that the police must spend in attempting to reach the desired attorney. After twenty-two minutes and five unsuccessful calls to Ms. Morale, the officer was justified in concluding that defendant was refusing to take the test, particularly in light of the fact that defendant had already been afforded an opportunity to consult with counsel.

*Affirmed.*

**Gibson, J.,** dissenting. I respectfully dissent. The Court holds that the state trooper was justified in concluding defendant had refused to take the test when defendant continued to insist on speaking to Ms. Morale, his attorney of choice, after twenty-two minutes and five calls that were unsuccessful because her line was busy. The majority bases its holding partially on the fact that the trooper had contacted a public defender and then handed the telephone to defendant before reaching his conclusion.

Certainly, as we have held, a defendant is entitled to consult with a public defender before deciding whether or not to take the test; indeed, we have said that even fourteen calls were not enough if abandoning efforts meant no consultation at all. *State v. Garvey*, 157 Vt. 105, 106, 595 A.2d 267, 268 (1991). Here, however, the majority holds that *all* that is required is an opportunity to consult with a public defender before thirty minutes has elapsed, even if the defendant asks for other counsel. I cannot agree.

There was no good reason to deny defendant his attorney of choice in this case. There is no evidence of uncooperativeness by defendant, only his insistence on speaking with his own attorney, Ms. Morale. Cf. *Stockwell v. District Court*, 143 Vt. 45, 48, 460 A.2d 466, 467 (1983) (officers properly concluded there was refusal when faced with defendant's "silence, meaningless insults, and incoherencies"). The officer did not know that Ms. Morale was unavailable. Her line was busy, but there was no reason to suppose the line would not clear within the next few minutes. This is very different from *Gilman v. Commissioner of Motor Vehicles*, 155 Vt. 251, 253, 583 A.2d 86, 87 (1990), where we held that the defendant's insistence on speaking with an attorney whom the officer and the defendant both knew was unavailable was tantamount to a refusal.

Defendant did not request a public defender, yet the officer continued to call from the public defender list even after defendant told him he would speak to his law partner, who was the husband of a public defender and had answered in response to one of the officer's calls. When a defender was finally contacted, defendant did not seek advice, but asked only that the defender call Ms. Morale. He thus never had any meaningful consultation with an attorney before the

officer came to the unwarranted conclusion that there was a refusal. Cf. *Pfeil v. Rutland District Court*, 147 Vt. 305, 310, 515 A.2d 1052, 1056 (1986) ("Had defendant been afforded a meaningful opportunity to consult with counsel, he may well have submitted to testing.").

Although the police are not required in every case to allow a full thirty minutes in which to make a decision, see *Stockwell*, 143 Vt. at 48, 460 A.2d at 467 (refusal implied nineteen minutes after licensee spoke to counsel where licensee responded to officer's inquiries with silence or insults), the facts here do not demonstrate a refusal. Defendant was within his rights to insist on an opportunity to speak to his attorney of choice while time still remained before he had to make a decision regarding the test. See *Garvey*, 157 Vt. at 107, 595 A.2d at 268 ("public defender shall be notified unless waived by the suspect or unless the suspect contacts an attorney of choice within thirty minutes, before a decision about taking the test is required"). I must therefore dissent.

I am authorized to say that Justice Morse joins this dissent.