2004 VT 39

## State of Vermont v. Edmund J. Powers

[852 A.2d 605]

No. 03-195

Present: Amestoy, C.J., Dooley, Johnson, Skoglund and Reiber, JJ.

Opinion Filed May 7, 2004

*Dan M. Davis,* Windham County State's Attorney, and *Tracy Kelly Schriver* and *Scott A. Willison,* Deputy State's Attorneys, Brattleboro, for Plaintiff-Appellee.

*Michael J. Hertz* of *Hertz and Lloyd,* Brattleboro, for Defendant-Appellant.

¶ 1. **Skoglund, J.** Defendant Edmund J. Powers appeals from a Windham District Court judgment for the State in a civil suspension hearing. Defendant believed that his conversation with an attorney during a DUI processing was being recorded, and this belief prevented him from asking whether his prior arrests would affect his current charges. He claims that because of this belief, he was denied his statutory right to a meaningful consultation with an attorney before submitting to an evidentiary breath test. The district court ruled that even if defendant was inhibited, this inhibition did not prejudice his case. We conclude that defendant reasonably believed his conversation with an attorney was being unjustifiably monitored, and that this belief inhibited his conversation. We therefore hold that defendant demon-

strated the necessary causal nexus between the illegal police action and the evidence he sought to suppress. As a result, we reverse.

¶ 2. The trial court made the following findings. On August 18, 2002, at approximately 12:30 a.m., defendant was arrested and processed in Windham County for suspected driving under the influence. When defendant arrived in the processing room at the police station, he asked the officer conducting the processing if the interview was being recorded on audio or video tape. The officer responded yes to both questions. Neither defendant nor the officer mentioned the recordings again. After receiving his Miranda warning, defendant waived his right to have an attorney present. The officer then read defendant his statutory rights as required by 23 V.S.A. § 1202(d).[1] Defendant asked to consult with an attorney before submitting to an evidentiary breath test. The officer dialed the public defender, handed the telephone to defendant, and left the room. The officer left the processing room immediately, went to the room containing the recording device, and turned off the audio tape, but not the video tape. Because the officer could not turn off the sound until he reached the recording device in the other room, the first twenty-seven seconds of defendant's conver-

---

[1]     (d) At the time a[n evidentiary breath] test is requested, the person shall be informed of the following statutory information:

(1) Vermont law authorizes a law enforcement officer to request a test to determine whether the person is under the influence of alcohol or other drug.

(2) If the officer's request is reasonable and testing is refused, the person's license or privilege to operate will be suspended for at least six months.

(3) If a test is taken and the results indicate that the person is under the influence of alcohol or other drug, the person will be subject to criminal charges and the person's license or privilege to operate will be suspended for at least 90 days.

(4) A person who is requested by a law enforcement officer to submit to an evidentiary test or tests has the limited right to consult an attorney before deciding whether or not to submit to such a test or tests. The person must decide whether or not to submit to the evidentiary test or tests within a reasonable time and no later than 30 minutes from the time of the initial attempt to contact the attorney regardless of whether a consultation took place. . . .

. . . .

(6) If the person refuses to take an evidentiary test, the refusal may be offered into evidence against the person at trial, whether or not a search warrant is sought. . . .

23 V.S.A. § 1202(d).

sation were captured on tape. These twenty-seven seconds were twice admitted into evidence by the trial court, and the court incorporated the contents of the conversation into its ruling.[2] The officer never told defendant that he had turned off the recording. After approximately seven minutes, the telephone conversation ended. Defendant refused to provide an evidentiary breath sample.

¶ 3. The State filed criminal DUI charges against defendant, and defendant moved to suppress evidence of his refusal. Defendant argued that his belief that the police were recording his conversation with the public defender prevented him from asking the attorney whether his prior arrests for DUI would affect the potential charges he faced. At the suppression hearing he stated, "I didn't feel comfortable discussing my situation because I wasn't sure if there was something I would say that could be held against me." This inhibition, he argued, violated his right to a meaningful consultation with an attorney under 23 V.S.A. § 1202(c).[3] He testified, "I had no clue about whether or not the fact that I had been arrested would impact me in the current situation and I hadn't been able to discuss it with the lawyer . . . . I had no idea if it would, so I decided again that it would be safer not to take the test."

¶ 4. The district court denied the motion to suppress on the grounds that defendant had failed to demonstrate a connection between defendant's inhibition and his subsequent decision to refuse the evidentiary breath test. The court stated that defendant had not provided any information about why his inability to ask certain questions caused him to refuse the test. The court also found that the public defender's question about previous convictions should have signaled to "an obviously intelligent defendant" that convictions, not arrests, were of concern. The court then discussed whether the inhibition prejudiced defendant and ruled that, even if the attorney

---

[2] As we noted in *State v. Sherwood*, 174 Vt. 27, 30 n.*, 800 A.2d 463, 465 n.* (2002): "Our evidentiary and ethical rules reflect the importance of confidential attorney-client communications to the fair administration of justice . . . ." As we did in *Sherwood*, we again caution attorneys and judges against revealing the contents of privileged attorney-client communications in an attempt to demonstrate that the defendant suffered no prejudice.

[3] The relevant portion of 23 V.S.A. § 1202(c) is as follows: "A person who is requested by a law enforcement officer to submit to an evidentiary test or tests has a right as herein limited to consult an attorney before deciding whether or not to submit to such a test or tests."

had known about defendant's prior arrests, it would not have changed the advice that the attorney gave defendant. "So the Court can't see any underlying prejudice from the defendant not providing that information to the attorney on the phone." At trial, a jury found defendant not guilty of driving under the influence.

¶ 5. In a civil suspension hearing held after the suppression hearing, defendant again moved to suppress the evidence of his refusal to submit to the evidentiary breath test. Defendant testified again. At the hearing, the court also took judicial notice of the testimony that defendant had given at the suppression hearing. The district court ruled that:

> prejudice ... seems to be the pivotal question[,] and I understand the defendant's argument that he was inhibited in speaking with the attorney regarding all the questions that he needed to ask the attorney, but it seems to me that he was able to ask him or at least give him, pursuant to the attorney's questions, the relevant information[,] and that was whether he had ever been convicted before. And so, therefore, his feeling inhibited about whether he could reveal to the attorney the fact [that] he'd been processed before[,] the Court finds[,] isn't prejudicial to him.

The trial court emphasized that defendant held both a bachelor's and a master's degree and ruled that "any reasonable person in his position would know that the relevant question is whether he's been convicted of an offense, not processed, because that's what the attorney asked him." Finding no violation of defendant's right to a meaningful consultation with an attorney under § 1202, the court ordered judgment for the State. The district court stayed suspension of defendant's license pending the outcome of this appeal.

¶ 6. Section 1202(c) gives suspects a limited right to consult with an attorney before either submitting to an evidentiary breath test or refusing and being subject to a civil suspension hearing. Over nearly thirty years, our cases have refined what constitutes a meaningful consultation with an attorney under these circumstances. In 1978, this Court determined that having a statutory right to consult with an attorney was completely ineffective unless police informed defendants of that right before administering an evidentiary breath test. *State v. Duff*, 136 Vt. 537, 539-40, 394 A.2d 1145, 1146 (1978). Further, this Court has repeatedly held that the conversation must be meaningful and "reasonably private." *State v. Sherwood*, 174 Vt. 27, 31, 800 A.2d

463, 466 (2002); *State v. Lombard*, 146 Vt. 411, 415, 505 A.2d 1182, 1184-85 (1985) (holding that police did not violate defendant's right to reasonably private consultation by staying nearby while defendant spoke to his attorney at pay phone). That right is not absolute, however. Privacy is not warranted when defendants present a security risk. *Pfeil v. Rutland Dist. Ct.*, 147 Vt. 305, 309, 515 A.2d 1052, 1055-56 (1986) (ruling that when defendant was handcuffed to the wall he no longer presented a security risk, and therefore police could not justifiably monitor his conversation with an attorney). In other words, police may only monitor a suspect's conversation with her attorney if the likelihood that the suspect will flee or present a threat to herself or others outweighs the suspect's right to a private consultation. See *State v. West*, 151 Vt. 140, 144, 557 A.2d 873, 876 (1988) (discussing the balance a court must strike between an individual's right to consult privately with counsel and society's interest in obtaining and preserving evidence).

¶ 7. In *Sherwood*, we held that unjustified monitoring alone does not violate a defendant's statutory right to a meaningful and reasonably private consultation with an attorney; defendant also must demonstrate that the unjustified monitoring inhibited his conversation with his attorney. 174 Vt. at 31, 800 A.2d at 465-66. If the defendant fails to present evidence that he felt inhibited or coerced by the police monitoring, then we will not find a violation of his statutory right to counsel. *West*, 151 Vt. at 144, 557 A.2d at 876. To determine whether defendant felt inhibited, *West* requires the application of "an objective test which focuses on whether, under the totality of the circumstances, reasonable efforts were made to afford defendant an opportunity to communicate privately with counsel. Neither the subjective beliefs of the defendant nor those of the police are determinative . . . ." *West*, 151 Vt. at 145, 557 A.2d at 876. The *West* test seeks to protect legitimate DUI sentences and civil suspensions from attack by defendants claiming they felt inhibited in their conversations with attorneys. Rather than relying on "after-the-fact, self-serving declarations of either the police or defendant," the Court focuses on (1) "the nature of the physical setting within which the events take place," and (2) "how a reasonable person in the defendant's position would have understood his situation." *Id.*

¶ 8. In summary, when faced with a challenge under § 1202, where defendant does not present a security risk, a court must

determine if the police justifiably monitored the consultation and whether that monitoring caused defendant to feel inhibited during the conversation. This inhibition is judged using an objective standard. The standard asks the following question: looking at the totality of the circumstances, given the nature of the setting, how would a reasonable person in the defendant's position have understood his situation? *Id.*

¶ 9. The facts here present the mirror image of those in *Sherwood*, our most recent pronouncement in this area. There, the police unjustifiably recorded the defendant's attorney consultation, but the defendant was unaware of the monitoring. In *Sherwood*, we found that, even though the defendant did not know he was being recorded, the State still violated his right to a reasonably private consultation with his lawyer. 174 Vt. at 31, 800 A.2d at 466. Here, in contrast, the officer respected the defendant's right to a private consultation with an attorney and turned off the audio recording. But because the defendant was told that the processing was being recorded, he reasonably believed that his conversation with his attorney was also being recorded. Although the facts differ from those in *Sherwood*, the effect is the same, and we find that here, as in *Sherwood*, the State violated defendant's right to a reasonably private consultation with an attorney.

¶ 10. We next examine whether defendant's consultation was meaningful by looking at evidence that defendant felt inhibited in his consultation with his attorney. *Sherwood*, 174 Vt. at 31, 800 A.2d at 466. In *Sherwood*, defendant did not know police taped his conversation and, therefore, the taping could not inhibit his conversation with his attorney. *Id.* at 29-30, 800 A.2d at 464-65. Here, although the police did not, in fact, tape defendant's conversation, defendant reasonably believed that his conversation with his attorney was being recorded because the police told him they would record his processing. He told the trial court, "I didn't feel comfortable discussing my situation because I wasn't sure if there was something I would say that could be held against me." Even the state's attorney conceded at oral argument that he himself might feel inhibited under these circumstances. Thus, we find that the police conduct in this case inhibited defendant's conversation with his attorney and so violated defendant's statutory right to a meaningful consultation with his attorney.

¶ 11. Finding a violation of defendant's right to a meaningful consultation does not end the inquiry, however. To suppress evidence of refusal to submit to a breath test, defendant must show a "causal nexus . . . between the alleged illegality and the evidence a defendant

seeks to [suppress]." *Sherwood*, 174 Vt. at 33, 800 A.2d at 467. The district court found that defendant's "feeling inhibited about whether he could reveal to the attorney the fact he'd been processed before . . . isn't prejudicial to him." Rather than examining the connection between the police conduct and the posture of defendant's case, the trial court grounded its ruling in its subjective opinions about how someone, like the defendant, with advanced degrees, might understand the situation. The district court found that "any reasonable person in his position would know that the relevant question [was] whether he's been convicted of an offense, not processed."

¶ 12. Perhaps any reasonable attorney, or any reasonable district court judge, could be expected to know that only prior convictions, not prior arrests, make refusing the evidentiary breath test a crime. By concluding that defendant should have known these things, the court evaluated defendant according to a subjective rather than an objective standard. The court failed to recognize that because of his inhibition, defendant could not ask the questions necessary to get the information he needed to make an informed decision. Defendant had a choice. He could submit to the breath test and, if found guilty, have his license suspended for at least ninety days, or he could refuse the test and have his license suspended for twice that time. Because he thought that the police could hear his conversation, defendant felt inhibited; he felt that he could not ask the questions he needed answered to appropriately evaluate his options.

¶ 13. We conclude that the perceived monitoring caused defendant to feel inhibited from asking his attorney questions. His inability to get answers to these questions contributed in large part to defendant's decision to refuse the evidentiary breath test. There was, therefore, a sufficient causal nexus between the police violation of defendant's right to a meaningful consultation with an attorney and his refusal to submit to the evidentiary breath test. The district court erred when it denied defendant's motion to suppress the evidence of that refusal. That evidence was central to the State's case in the civil suspension hearing, and so the court further erred in suspending defendant's driver's license.

*Reversed.*