*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NOS. 2015-188 & 2015-336

FEBRUARY TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| William Lanzetta | } | DOCKET NOS. 62-2-15 Cncs & |
| | | 599-2-15 Cncr |

Trial Judge: Samuel Hoar, Jr.

In the above-entitled causes, the Clerk will enter:

Defendant appeals the trial court's denial of his motion to suppress.  He argues that the court made an erroneous factual finding and erred in concluding that he was afforded his statutory right to counsel.  We affirm.

Defendant was charged with driving-under-the-influence (DUI) in February 2015.  He filed a motion to suppress his refusal to submit to an evidentiary blood test.  Following a hearing, the court denied the motion.  It found as follows.  On February 15, 2015, defendant was injured in a traffic accident.  He was taken to the emergency room, where a police officer met with him.  The officer's investigation gave him probable cause to believe that defendant had been operating under the influence of alcohol.  The officer advised defendant of his rights under 23 V.S.A. § 1202 before requesting an evidentiary blood test.  When the officer asked defendant if he wanted to speak with a lawyer, defendant answered "yes."  The officer advised defendant that he could speak with a lawyer of his choice if he had a number for that lawyer; otherwise, the officer would call the public defender.  Defendant responded by saying that he wanted T.J. Donovan, the Chittenden County State's Attorney, as his lawyer.  The officer advised defendant that that would present a conflict of interest, and defendant did not identify another private attorney.  The officer therefore contacted the public defender on defendant's behalf, and defendant spoke to the public defender.

The officer subsequently observed the phone lying on defendant's chest and asked defendant if he was done with the conversation.  Defendant stated that he wanted to speak to the public defender again, and defendant did so.  The two calls totaled thirteen minutes.  After the second call, the officer asked defendant if he would consent to an evidentiary blood test.  Defendant responded, "I want to speak with my lawyer."  When the officer asked for that lawyer's number, defendant provided a number that the officer recognized as the number of defendant's wife.  He so advised defendant and offered to call a lawyer.  Defendant did not respond.  The officer then asked defendant if he would give a sample of his blood, and defendant refused.

Based on these facts, the court concluded that the officer did not interfere with defendant's right to consult with an attorney before deciding whether to submit to an evidentiary test. The statute provided a limited right to consult with an attorney, and the court found that neither the statute nor any of the cases cited by defendant supported the suggestion that a suspect was entitled to as many phone calls as he could make in thirty minutes. Instead, the statute required only that the suspect be "afforded a meaningful opportunity to consult with counsel." Pfeil v. Rutland District Ct., 147 Vt. 305, 310 (1986). In this case, the officer afforded defendant two meaningful opportunities to consult with counsel. He then went even further and asked defendant for his lawyer's number. The officer knew that the number that defendant provided belonged to defendant's wife, and he was under no obligation to call that number. If he had any obligation, the court continued, it was more than satisfied when he advised defendant that the number belonged not to an attorney but to defendant's wife and offered to call a lawyer. Defendant did not then attempt to re-invoke a right to counsel; he simply unequivocally refused to submit to a test. In short, the court concluded, even though defendant was not entitled to another call with counsel, the officer did nothing to deny him such a call.

The court further found that there was no talismanic significance to the thirty-minute limit. A suspect was entitled only to a "reasonable time" to decide whether to submit to an evidentiary test. "The statutory reasonable time is tolled either by the expiration of the thirty minutes or by a reasonably clear refusal to submit to the test, whichever occurs first in time." Stockwell v. District Ct. of Vt., 143 Vt. 45, 49-50 (1983). In this case, defendant unequivocally refused to take the test and never sought to reconsider. Thus, the "reasonable time" provided by the statute was tolled. The court therefore denied defendant's motion to suppress, and entered judgment for the State in the civil suspension matter. Defendant subsequently entered into a conditional guilty plea in the criminal case. Defendant appealed from both decisions, and the cases were consolidated for our review.

Defendant first challenges the court's finding that after the officer advised him that the lawyer number he provided was his wife's cellphone number, the officer "offered to call a lawyer," and "defendant did not respond." As to the court's legal conclusion, defendant asserts that the court should have concluded that the officer should have again called the public defender, that defendant did not waive counsel, and that the officer did not honor defendant's invocation of counsel. Citing State v. Bonvie, 2007 VT 82, ¶ 8, 182 Vt. 216, defendant maintains that it was unreasonable for the officer to ignore his invocation of counsel made within the thirty-minute statutory time limit.

We find no grounds to disturb the court's decision. See State v. Simoneau, 2003 VT 83, ¶ 14, 176 Vt. 15 (when reviewing trial court's ruling on motion to suppress, this Court accepts trial court's findings of fact unless clearly erroneous, and reviews de novo whether the facts as found meet proper legal standard). Even if the court erroneously found that the officer offered to again call a lawyer for defendant a fourth time, after defendant provided his wife's telephone number, and that defendant did not respond to this offer, the error is immaterial. The record shows that defendant was afforded a meaningful opportunity to consult with counsel.

Additionally, we reject defendant's argument that defendant's request to call "my lawyer," after twice talking with the public defender, meant another call to the public defender and that the trial judge erred as a matter of law in finding that it was a request for a different lawyer. The request was, at best, ambiguous, and the trial court's interpretation was reinforced by defendant's providing of a telephone number that was not for the public defender. The trial court's finding was not clearly erroneous.

2

With respect to the court's legal conclusions, we begin with the applicable legal principles. 23 V.S.A. § 1202(c) provides that:

>  (c) A person who is requested by a law enforcement officer to submit to an evidentiary test or tests has a right as herein limited to consult an attorney before deciding whether or not to submit to such a test or tests. The person must decide whether or not to submit to the evidentiary test or tests within a reasonable time and no later than 30 minutes from the time of the initial attempt to contact the attorney. The person must make a decision about whether or not to submit to the test or tests at the expiration of the 30 minutes regardless of whether a consultation took place.

We have construed this statute to require "that a detainee be afforded meaningful opportunity to consult with counsel." State v. Aiken, 2015 VT 99, ¶ 11, __ Vt. __; see also State v. West, 151 Vt. 140, 144-45 (1988) ("The statutory mandate is fulfilled when reasonable efforts are made to allow an arrestee to consult privately with counsel."). At the same time, we have generally "rejected claims of a statutory violation based upon the content—or lack of content—of the consultation." Aiken, 2015 VT 99, ¶ 11. Thus, we held in Aiken, that the State met its obligation under § 1202 by making a reasonable effort to contact a public defender notwithstanding the defendant's assertion that he received no advice from on-call attorney during the thirty-minute period. Id. ¶ 15.

In the instant case, it is undisputed that the officer twice provided defendant a meaningful opportunity to consult with counsel. He twice contacted the public defender on defendant's behalf and defendant spoke privately to the public defender for a total of thirteen minutes. When defendant asked to speak to "his lawyer" after these two phone calls were completed, the officer did not "ignore" defendant's request, as defendant asserts. To the contrary, the officer asked defendant for this lawyer's telephone number. The officer reasonably refused to call the number that defendant provided knowing that it belonged to defendant's wife. Defendant made no further request to speak to "his" lawyer or to any other lawyer; he did not ask to speak to a public defender. Because defendant was provided a meaningful opportunity to consult with an attorney, it is immaterial whether the court erred in finding that the officer offered for a fourth time to call a lawyer for defendant and that defendant did not respond to the officer's request.

Our conclusion is consistent with State v. Macie, 146 Vt. 28 (1985), cited by the trial court. The defendant there argued that the police interfered with her statutory right to reflect upon the breath test request under 23 V.S.A. § 1202(c). The defendant spoke privately with an attorney by telephone, and she then provided an equivocal response on whether she would submit to a breath test. Id. at 29-30. The police officer, on his own initiative, contacted the defendant's attorney for a second time and again, the defendant consulted with the attorney. Immediately after the second consultation, and twelve minutes after her initial contact with counsel, the defendant consented to the breath test. We found no violation of the statute. In reaching our conclusion, we observed that "the officer need not have contacted [the] defendant's attorney the second time." Id. at 31. We noted that the officer's efforts had given the defendant "an added opportunity to consult with counsel," and that "the officer went further in safeguarding her interests than is required." Id. The fact that we were considering a slightly different argument in Macie does not undermine the validity of these observations or their applicability here, as defendant suggests.

Our decision in <u>Bonvie</u>, 2007 VT 82, cited by defendant, is inapposite. We held there that a defendant can reconsider a refusal to submit to a breath test within a reasonable time and within the statutory time limit of thirty minutes. <u>Id</u>. ¶ 26. We emphasized, however, that we were not holding "that the police must wait thirty minutes after counsel is contacted in the event that the operator decides to reconsider his refusal." <u>Id</u>. ¶ 28. We explained that this position had been rejected in <u>Stockwell</u>, and that there was no basis to reconsider that decision. In this case, the record shows that, following two consultations with counsel, defendant unequivocally refused to submit to an evidentiary breath test. As set forth above, defendant did not request to speak to the public defender for a third time before deciding whether to submit to the test, and the officer was not obligated to contact the public defender for a third time on his own initiative. The officer similarly was not obligated to wait until the end of the thirty-minute period to see if defendant changed his mind about refusing to submit to a breath test. See <u>Stockwell</u>, 143 Vt. at 49-50. Our decision in <u>Bonvie</u> offers no assistance to defendant here. The trial court did not err in denying defendant's motion to suppress.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

4