**STATE of Vermont v. Timothy T. CLARK**

[671 A.2d 1276]

No. 95-208

December 22, 1995. The State appeals a district court order, suppressing evidence of defendant's refusal to provide an evidentiary breath sample, based on a finding of ineffective assistance of counsel. We reverse.

On October 12, 1994, a Vermont State Trooper observed defendant's vehicle swerving on Interstate 89 in South Burlington. The officer stopped defendant and detected a strong odor of alcohol on his breath. Defendant refused roadside breath screening and manual dexterity tests. The officer placed him under arrest and transported him to the police station for DWI processing.

While in custody at the police barracks, the officer informed defendant of his *Miranda* rights and his rights under Vermont's Public Defender Statute, 13 V.S.A. §§ 5234, 5237. At the conclusion of this instruction, defendant asked to speak with his attorney. Unable to reach defendant's attorney of choice, the officer then contacted the on-call public defender. Defendant conversed with the public defender.

The officer then informed defendant of the rights and penalties under Vermont's implied-consent law in accordance with 23 V.S.A. § 1202(d). Among the rights contained in the implied-consent law is the right to consult an attorney prior to deciding whether or not to submit to an evidentiary breath test. *Id.* § 1202(c). Exercising this right, defendant again spoke with the public defender. Defendant terminated his conversation with the attorney, stating that the attorney was "not acceptable" and that he was "not going to agree" with the attorney's advice regarding the license suspension consequences for refusing to give an evidentiary breath sample. Defendant did not, however, ask to speak with a different attorney, nor did he ask for clarification of the suspension period. Moreover, defendant signed the implied-consent form that correctly informed him of the consequences of refusal. He again refused to give an evidentiary breath sample, and the thirty-minute period during which he was allowed to give a sample expired.

Defendant requested transportation to a nearby hospital so that he could obtain an independent blood analysis. On the way to the hospital, he expressed surprise when the officer explained that his refusal would lead automatically to a six-month suspension of his driver's license. He

asked the officer to return him to the police barracks so that he could give a breath sample. The officer refused.

On December 21, 1994, the district court convened a final civil license-suspension hearing. Defendant testified at the hearing that the public defender misinformed him about the penalty for refusing to submit to the test. He testified that the attorney told him that the penalty for a refusal was a thirty-day license suspension while taking the test and failing would result in a ninety-day suspension.* Claiming that he had relied on this faulty information to his detriment, defendant moved to suppress his refusal on the ground that he was denied effective assistance of counsel. The district court concluded that the statutory right to counsel under the implied-consent law is coextensive with the constitutional right to counsel. The court then conducted a Sixth Amendment analysis of defendant's claim, concluding that he had been denied effective assistance of counsel. Accordingly, the court granted defendant's motion to suppress.

The State appeals, arguing that (1) a claim of ineffective assistance of counsel may not be brought at a civil license-suspension hearing where there is no constitutional right to counsel, (2) the district court erred when it granted the motion to suppress based on the public defender's inaccurate advice because the arresting officer complied with Vermont's implied-consent law, and (3) suppression of a motorist's refusal to provide a breath sample is not the appropriate remedy for inaccurate advice rendered during consultation under the implied-consent law.

The State's first argument on appeal is that the suppression of a motorist's refusal to provide an evidentiary breath sample may not be predicated upon alleged ineffective assistance of counsel because there is no constitutional right to counsel at the license-suspension hearing or at the time the breath sample is requested. We agree.

The nature of a license-suspension proceeding is civil, not criminal. *State v. O'Brien*, 158 Vt. 275, 277, 609 A.2d 981, 982 (1992). Thus, the constitutional protections available in criminal proceedings do not attach to the statutory right to counsel under 23 V.S.A. § 1202(c), whether at the license-suspension hearing, *O'Brien*, 158 Vt. at 277-78, 609 A.2d at 982-83, or at the time the breath sample is requested. *State v. West*, 151 Vt. 140, 143, 557 A.2d 873, 875 (1988).

A claim of ineffective assistance of counsel rests on the constitutional right to counsel under the Sixth and Fourteenth Amendments. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). At a proceeding where there is no constitutional right to counsel, such a claim is inapplicable. Because we conclude that the right to counsel under 23 V.S.A. § 1202(c) is exclusively statutory, not constitutional, a claim of ineffective assistance of counsel may not be advanced in a license-suspension proceeding. Thus, the district court's Sixth Amendment analysis was erroneous.

The State next contends that suppression of defendant's refusal to provide an evidentiary breath sample was not warranted, even if the public defender's advice was incorrect, because the arresting officer informed defendant of his right to counsel as required by 23 V.S.A. § 1202(d). Again, we agree with the State.

The trial court granted defendant's motion to suppress because the advice he received from the public defender was inaccurate. The statute, however, does not

---

*The law provides that refusing to give a breath sample will automatically result in a six-month suspension of a driver's license, 23 V.S.A. § 1205(a), while giving a sample that exceeds the statutory presumptive level results in a ninety-day suspension for a first-time conviction. *Id.* § 1206(a).

require that the advice given by counsel be accurate. Rather, the statute requires that defendant be "'afforded a meaningful opportunity to consult with counsel.'" *State v. George*, 161 Vt. 615, 615, 640 A.2d 26, 27 (1994) (mem.) (quoting *Pfeil v. Rutland District Court*, 147 Vt. 305, 310, 515 A.2d 1052, 1056 (1986)). The record demonstrates that the officer did precisely what the statute requires. Defendant was given a "meaningful opportunity" to consult with an attorney, and he took advantage of that opportunity by speaking with the public defender on two occasions. The fact that he was dissatisfied with the advice he received and that the advice was incorrect does not undermine the meaningful character of the *opportunity* to consult with an attorney. Allowing suppression of refusal when the advice given by counsel is inaccurate would be tantamount to making the State the guarantor of the attorney's advice. Aside from being unworkable, such a requirement is beyond the scope of the statute, and we will not require more than the statute. See *State v. Lynaugh*, 158 Vt. 72, 74, 604 A.2d 785, 786 (1992) ("Defendant received all the advice required by [23 V.S.A.] § 1202(d), and we decline to require more.").

Because we conclude that a claim of ineffective assistance of counsel is inapplicable in the context of a license-suspension proceeding, we need not address whether suppression is the appropriate remedy.

*Reversed and remanded.*