## STATE of Vermont v. Jaime F. FREDETTE

[705 A.2d 548]

No. 96-526

November 17, 1997. The State appeals the district court's interlocutory order suppressing the results of defendant's breath test in a prosecution for driving while intoxicated (DWI), third offense. The trial court suppressed the test on the grounds that the arresting officer incorrectly informed defendant's attorney that defendant had only one prior DWI conviction. We reverse.

During the evening of February 8, 1996, a state trooper responding to a report of a one-car accident found defendant lying injured inside his overturned car. The officer noticed the smell of alcohol at the scene, and the dispatcher informed him that defendant had a prior record of motor vehicle violations. At trial, the officer testified that he did not recall learning any specifics about defendant's prior record from the dispatcher, but he recalled defendant stating that he had an extensive prior history of motor vehicle violations. Defendant was trans-

ported to a hospital, where he voluntarily submitted to a preliminary alcosensor screening test that yielded a result in excess of the legal limit. The officer then informed defendant that he intended to process him for DWI. After being read his rights, defendant asked to speak to an attorney. The officer telephoned the public defender on call that evening.

The public defender testified at trial that she had no memory of her telephone call with defendant, but her notes on a preprinted form admitted into evidence indicated that the officer told her that defendant had one prior DWI conviction. After speaking to the public defender, the officer turned the telephone over to defendant and left his hospital room. The attorney and defendant consulted in private by telephone for several minutes. According to the attorney's notes, defendant told her that he had an 8-year-old DWI conviction, that he had not been drinking, and that he wanted to take a breath test. In light of the information provided to her, the public defender recommended that defendant take the test. Defendant took a crimper test, which revealed that his blood-alcohol level exceeded the legal limit. The public defender testified at trial that if she had known that defendant had two prior convictions and could have been charged with a third offense felony, she would have advised him not to take the test.

Based on the facts related above, the trial court granted defendant's motion to suppress the results of the evidentiary breath test, concluding that by unintentionally providing the public defender with erroneous information, the arresting officer had denied defendant a meaningful opportunity to consult with his attorney. In the court's view, the public defender was entitled to rely on the information provided by the officer, who is presumed to have access to resources enabling him to conduct a fast and accurate check for prior convictions. The court

also concluded that defendant was prejudiced as the result of his counsel receiving the erroneous information because the attorney would have given him different legal advice if the officer had provided the correct information. On appeal, the State argues that (1) the court erred in concluding that defendant was not provided a meaningful opportunity to consult with counsel; (2) the record does not support the court's finding that the public defender would have advised defendant to refuse the test if she had known that he had two prior DWI convictions; and (3) in any case, suppression of the breath test was not the appropriate remedy. We agree with the State on its first point and thus do not address the latter two issues.

In Vermont, a person who is asked by a law enforcement officer to take an evidentiary breath test has a statutory right to consult with an attorney before deciding whether to submit to such a test. See 23 V.S.A. § 1202(c). "The statutory mandate is fulfilled when reasonable efforts are made to allow an arrestee to consult privately with counsel." *State v. West*, 151 Vt. 140, 144-45, 557 A.2d 873, 876 (1988). This Court will not tolerate deliberate efforts by law enforcement personnel to thwart an arrestee's meaningful opportunity to consult with counsel. See *State v. Lombard*, 146 Vt. 411, 415, 505 A.2d 1182, 1185 (1985) (disapproving police conduct that effectively prevents arrestees from freely communicating with their attorneys in private); *State v. Carmody*, 140 Vt. 631, 636, 442 A.2d 1292, 1295 (1982) (police refusal to allow woman who was in custody but not under arrest to call her boyfriend was unauthorized police conduct that interfered with otherwise voluntary nature of woman's decision to refuse breath test). But affording a meaningful *opportunity* to speak with counsel does not guarantee a fruitful or flawless consultation. Thus, arrestees cannot be assured of speaking to the attorney of their choice, see *State v. George*, 161 Vt.

615, 616, 640 A.2d 26, 27 (1994) (mem.), or of obtaining sound advice from the attorney obtained for them. See *State v. Clark*, 164 Vt. 626, 627-28, 671 A.2d 1276, 1278 (1995) (mem.) (§ 1202(c) does not require that advice given by counsel be accurate; rather, statute requires only that arrestee be afforded meaningful *opportunity* to consult with counsel).

Here, as defendant concedes, the court concluded that the arresting officer "unintentionally" provided erroneous information to the public defender. The record supports this conclusion. Further, it is undisputed that defendant was given several minutes to speak privately with counsel without police interference. During that conversation, defendant had an opportunity to provide his attorney with correct information concerning the number of prior DWI convictions he had, but failed to do so. Defendant argues that because of his physical condition he was in no position to clarify any defect in the information the arresting officer provided to his attorney. But assuming without deciding that defendant's physical condition is relevant to the legal issue raised, the trial court's findings do not support defendant's argument. The court found that defendant was not mentally incapacitated at the hospital, and that his responses to police questioning were spontaneous, lucid, and on point. The court's findings also indicate that defendant was well aware of his extensive prior record, notwithstanding his failure to apprise his attorney of the correct information. Given these facts, we find no merit to defendant's argument that he was deprived of a meaningful opportunity to consult with counsel.[*] The statutory right to counsel

---

[*] Because we find no plain error, we need not address defendant's argument, raised for the first time in a letter following briefing and argument, that the arresting officer was required to provide his attorney with accurate information concerning

concerns an arrestee's opportunity to consult freely with an attorney, not with the attorney's right to consult with, or obtain correct information from, police.

*Reversed.*

_____

his prior motor vehicle record pursuant to 13 V.S.A. § 5277, which provides that an attorney representing a person under the Public Defender Act is entitled to use any state technical services and facilities for the "development or evaluation" of evidence available to prosecutor. See V.R.A.P. 28(i) (allowing for citation of supplemental citations "without argument").