**STATE of Vermont v. Steven IRONSIDE**

[711 A.2d 663]

No. 96-361

March 25, 1998. In this civil license-suspension proceeding, the district court denied defendant's motion to suppress results of an evidentiary breath test and stayed suspension of defendant's license pending appeal. Defendant appeals, arguing that he was denied the assistance of counsel required under 23 V.S.A. § 1202(c) when the police refused to provide his appointed counsel with information from a background record check of defendant's prior driving offenses. We affirm.

On May 5, 1996, while being processed for DUI, defendant indicated that he wished to speak with an attorney prior to submitting to an evidentiary breath test. The processing officer contacted the on-call public defender by telephone, identified the defendant and the nature of the offense, then gave the telephone to defendant so that he could speak with counsel. Soon thereafter defendant handed the telephone back to the officer. Counsel requested the officer to check DMV records for any prior DUI convictions of the defendant, explaining that the information was necessary to advise his client effectively. The officer advised counsel that police department policy did not permit disclosure of prior conviction records, but that he would verify the policy with a superior. After confirming department policy, the officer again telephoned counsel and immediately handed the tele-

phone to defendant. Defendant spoke briefly with his attorney and handed the telephone back to a different officer, who reiterated the department's policy. Counsel again stated that a background check on defendant's prior convictions was necessary to advise his client properly. The officer then allowed defendant to confer privately with counsel, at which time defendant allegedly indicated that he had been convicted of DUI on two prior occasions. Counsel was unwilling, however, to rely upon defendant's recollection of his prior convictions, and therefore declined to advise him on whether to submit to the breath test. Defendant then submitted to the breath test.

Defendant moved the district court to suppress the breath test results on grounds that he "was denied his right to talk with a lawyer before deciding whether or not to submit to a test." The district court found that the statute does not require disclosure of information on defendant's record of prior convictions: "To rule otherwise would put a requirement on the police which is not required in [the] statute." Defendant appeals.

Defendant argues that the police denied him the meaningful opportunity to consult with counsel required under the implied consent statute. He notes that the legal consequences of taking, or refusing to take, the breath test differ greatly according to whether a person has one or more prior convictions for DUI. His argument is that when the police refused to provide counsel with a record check, and thereby required counsel to rely on defendant's recollection of his prior record, they withheld information necessary for counsel to effectively represent his client. According to defendant, the officer's refusal to provide record check information, and counsel's subsequent refusal to provide legal advice, was functionally equivalent to a total denial of the opportunity to consult with counsel. See *State v. Garvey*, 157 Vt. 105, 107, 595 A.2d 267, 268

(1991) (when officer repeatedly attempted to contact counsel but was unable to do so, defendant was denied assistance of counsel, and thus license suspension was reversed). We disagree and hold that the mandate of § 1202(c) was satisfied when defendant was allowed to consult on the telephone in private with counsel.

An individual requested to take an evidentiary breath test in connection with DUI processing has a statutory right to consult with an attorney before deciding whether or not to take the test. See 23 V.S.A. § 1202(c). The individual must be " 'afforded a meaningful opportunity to consult with counsel.' " *State v. George*, 161 Vt. 615, 615, 640 A.2d 26, 27 (1994) (mem.) (quoting *Pfeil v. Rutland District Court*, 147 Vt. 305, 310, 515 A.2d 1052, 1056 (1986)). When law enforcement officials unjustifiably interfere with the right to attorney consultation, remedial action may be necessary, see *State v. Lombard*, 146 Vt. 411, 415, 505 A.2d 1182, 1184 (1985), but the statute "does not guarantee a fruitful or flawless consultation." *State v. Fredette*, 167 Vt. 586, 587, 705 A.2d 548, 550 (1997) (mem.). *Fredette* involved a factual situation similar to the one here. Although the police officer in that case provided counsel with the arrestee's record of prior convictions, the information was incorrect. The arrestee consulted with an attorney, but the attorney's advice was based on erroneous information. We held that defendant had not been denied a meaningful opportunity to consult with an attorney because the police were under no statutory obligation to provide a record of the arrestee's prior convictions to arrestee's counsel. "The statutory right to counsel concerns an arrestee's opportunity to consult freely with an attorney, not with the attorney's right to consult with, or obtain correct information from, police." *Id.* at 587-88, 705 A.2d at 550.

The holding in *Fredette* controls here. In the instant case, the police officer

afforded defendant a private telephone consultation with an attorney, and thus the statute was satisfied; the attorney's choice to withhold advice, in the belief that defendant's recollection of his prior record was not reliable, does not negate this fact. See *State v. Clark*, 164 Vt. 626, 628, 671 A.2d 1276, 1278 (1995) (mem.) (State is not guarantor of attorney's advice; claim of ineffective assistance inappropriate in context of license-suspension proceeding).

*Affirmed.*