## 2008 VT 138

### Eric SOLSAA v. Emily SOLSAA

[969 A.2d 116]

No. 08-164

¶ 1. December 29, 2008. Mother Emily Solsaa appeals from the family court's order awarding to noncustodial father, Eric Solsaa, legal responsibility for the parties' two children. Mother argues that (1) the family court's conclusions and findings regarding the children's best interests are not supported by the record, but rather are based on the judge's prejudices, and (2) it was improper for the family court to split legal and physical responsibilities because this can be done only in exceptional circumstances, which are not present here. We affirm.

¶ 2. In August 2005, the family court entered the parties' final divorce order by stipulation. Pursuant to this order, mother had physical responsibility for the children, and the parties shared legal responsibility. The order also established a parent-child contact schedule that allowed father to generally spend at least two evenings plus four overnights in every two-week period with the children.

¶ 3. After the divorce order was entered, the relationship between mother and father deteriorated, such that in August 2006 mother filed a motion to modify the final order, requesting that the court grant her sole legal responsibility. Father also filed a modification motion, requesting sole legal and physical responsibilities.

¶ 4. After hearings in October and November of 2007, the family court issued a written decision finding that modification of legal responsibility was warranted. In this decision, the court made specific findings of fact, including findings regarding counseling, medical care, education, visitation exchanges, summer contact, telephone contact, and living situations. Based on these findings, the court concluded that father "is better suited than [mother] to make the necessary decisions contemplated by a parent vested with legal responsibility" and awarded him sole legal parental responsibility. The court declined to award father physical responsibility, but did increase father's contact time, to one evening and five overnights in every two-week period. Mother appeals.

¶ 5. We first address mother's arguments that the family court's findings are not supported by the record and are based on the judge's prejudices. Mother specifically argues that the court's findings in support of its conclusions that father is better able to meet the children's medical and educational needs, and that father is better able to foster the children's relationship with mother, are not supported by the record. Mother also argues that the court was prejudiced against her, and that this bias resulted in erroneous findings.

¶ 6. When reviewing a trial court's factual findings, "we view them in the light most favorable to the prevailing party below, disregarding the effect of any modifying evidence, and we will not set aside the findings unless they are clearly erroneous." *Spaulding v. Butler*, 172 Vt. 467, 475, 782 A.2d 1167, 1173-74 (2001) (quotation omitted). Factual findings will

be upheld if supported by credible evidence, and "the court's conclusions will stand if the factual findings support them." *Id.* at 475, 782 A.2d at 1174 (quotation omitted). Here, sufficient evidence in the record supports the court's findings. The record consists of the testimony of the parties and that of medical professionals, as well as the children's medical records. The family court's findings concerning the parents' behavior towards the children's health and education, and regarding the ability of father to foster the children's relationship with mother are supported by record evidence and are not clearly erroneous.

¶ 7. Mother makes two main arguments about the findings. The first is that the trial court failed to recognize father's lack of credibility and that he "frequently lied during his testimony." Credibility determinations are for the trial court, not this Court. We are unwilling to second-guess the trial court's credibility determination. Second, mother argues that the trial court failed to make findings on evidence favorable to her. On the contrary, the findings were very detailed and specific, and covered all the disputed issues. The findings are supported by the evidence, and there is no indication that they are based on any prejudices against mother.

¶ 8. We next address mother's argument that it was improper for the family court to award legal responsibility to the noncustodial parent. Mother contends that splitting legal and physical responsibilities can be done only in exceptional circumstances, which are not present here. Mother is incorrect in arguing that this may be done only in exceptional circumstances. In *Chase v. Bowen*, we affirmed a custody order that also divided legal and physical responsibilities, concluding that the court did not abuse its discretion in doing so. 2008 VT 12, 183 Vt. 187, 945 A.2d 901; see also *Kasper v. Kasper*, 2007 VT 2, 181 Vt. 562, 917 A.2d 463 (mem.) (affirming order granting fa-

ther physical custody and mother legal custody); *Shea v. Metcalf*, 167 Vt. 494, 712 A.2d 887 (1998) (affirming division of discrete legal rights and responsibilities between mother and father). In *Chase*, we did caution that "routine splitting of physical and legal rights and responsibilities can be unwise." 2008 VT 12, ¶ 41. However, we added that "in some situations it is appropriate to grant one parent legal rights and the other physical rights." *Id.* In the case before us, the family court determined that it was appropriate to do so. The court found that father was better suited to make the children's legal decisions in view of the events after the divorce. The family court's ruling reflected its reasoned judgment in light of the evidence, and we will not disturb this decision. *Kasper*, 2007 VT 2, ¶ 5 ("Where the family court's award of custody reflects its reasoned judgment in light of the record evidence, its decision may not be disturbed.").

¶ 9. Mother also contends that it is inappropriate to divide legal and physical rights when the parents are unable to cooperate with each other, "making the division of these rights unmanageable." The family court's decision reflects that the court understood the parties' strained relationship and considered this in weighing the children's best interest. Thus, we cannot conclude that, even considering the inability of the parents to cooperate, the family court abused its discretion in awarding legal responsibility to father while mother retained physical responsibility.

*Affirmed.*