*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-006

SEPTEMBER TERM, 2013

| | | |
|---|---|---|
| Office of Child Support/Phyliss E. Trout (Brady) | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Daniel T. Quinn | } | DOCKET NO. 293-7-99 Wrdm |

Trial Judge: William D. Cohen

In the above-entitled cause, the Clerk will enter:

Father appeals a family court order requiring him to pay $100 a month to satisfy an arrearage of child support. We affirm.

The original child support order in this case was issued in October 1994 in Maryland, where mother and the child reside. That order obligated father to pay $435 per month in child support. The Vermont family court registered the Maryland order in October 1999 as part of an enforcement action filed by the Office of Child Support (OCS). Since then, there have been multiple motions associated with this case, both in Maryland and in Vermont. Of relevance, in September 2010, the Maryland court issued an order requiring father to pay $19,575 in arrearages. Father satisfied this accrued arrearage adjudicated by a Maryland court though a payment to mother in September 2010.

The relevant proceedings to this appeal began in September 2011, when OCS filed a motion to register the Maryland order and for enforcement. A hearing was held before the magistrate in January 2012. The magistrate determined that it was not necessary to register the order again, since it had been registered in 1999 and remained unmodified by Maryland courts, and granted the motion to enforce. The magistrate found that father was in arrears on child support from the time he paid the lump-sum to satisfy the Maryland arrearage judgment to April 2011, when the child turned eighteen. The total arrearage amounted to $2610. The court ordered father to pay $100 per month on the arrears. Father appealed to the family division. On November 13, 2012, the family court affirmed, rejecting father's arguments that father's child support obligation was modified in 2001, that father should be reimbursed, and that mother's prior lack of appearance barred the enforcement action. Father appeals.

On appeal, father makes several arguments. At the outset, we address father's assertion that his child support obligation to plaintiff in this case should be determined with reference to a different child support case involving father and a different mother and child, Schipper v. Quinn, Docket No. 197-5-96 Wrdm. Father has included orders and documents pertaining to that case.

He argues that in 2001 the child support order in Schipper v. Quinn was modified and that that modification automatically applied to his obligation to mother in this case. Father contends that the two cases are intertwined because the original child support order in this case stated that it was in the minor's best interests "to be treated equally with [father's] other minor child." This statement, while providing a rationale for the original child support amount in this case, did not "link" the two cases as father alleges. The original child support order in this case cannot be interpreted to suggest, as father argues, that any modification of father's child support obligation in the Schipper v. Quinn case would automatically modify his obligation to plaintiff here, without regard to whether modification in this case was appropriate, and apparently without even notice to or the participation of plaintiff here. We thus reject father's argument that, because the parties initially calculated the child support due to plaintiff in this case with reference to his child support obligation to a different obligee in Schipper v. Quinn, any change in his obligation in that latter case automatically applies to his obligation to plaintiff.

Father also argues that the Schipper v. Quinn case was "consolidated" with this case in a Vermont court in connection with a prior enforcement effort in this case such that the 2001 child support order in Schipper v. Quinn applied to this case. Father's efforts to prove that the two cases were consolidated misses the central point; even if the Vermont court scheduled hearings in the two matters at the same time, or even considered the two enforcement cases together, they were resolved through different processes in different ways. The child support enforcement action in Schipper v. Quinn was resolved on the basis of a settlement agreement between the parties to that case following a ruling by the court that, in turn, followed an evidentiary hearing between the parties to that case focusing on evidence specific to their circumstances. The enforcement action as it related to plaintiff was dismissed without prejudice. We need not decide whether the two actions were consolidated at some point for some purposes; given the record, there are no grounds to conclude that any modification in 2001 to the child support order in Schipper v. Quinn applied to father's obligation in this case. Moreover, the fact that the Maryland court adjudicated an arrearage through April 2011 in connection with this case belies father's claim that his child support obligation in this case was resolved by a 2001 judgment in another case.*

Another threshold issue is father's continuing claim to free legal counsel in these proceedings. Generally, there is no constitutional right to counsel in civil proceedings, State v. Clark, 164 Vt. 626, 627 (1995), absent a showing of a violation of due process in certain cases involving a constitutional liberty interest. See Watson v. Moss, 619 F.2d 775, 776 (8th Cir.1980); Russell v. Armitage, 166 Vt. 392, 397 (1997) (holding that where defendant faces incarceration as result of civil contempt proceedings, then Due Process Clause of Fourteenth Amendment requires appointment of counsel). Here, no contempt proceeding has been initiated and father is not facing incarceration. With no liberty interest at stake, father is not entitled to appointment of counsel. The fact that father might eventually face a loss of liberty if he is ordered to pay child support arrearages, if he fails to pay, and if he then faces contempt proceedings in which a party requests incarceration, does not mean that he is entitled to court-appointed counsel now.

_____

* We do not address father's claim that OCS has failed to provide him with a complete copy of the Schipper v. Quinn file as that case is not on appeal.

2

Regarding the November 13, 2012 order that is the subject of this appeal, father claims that the order amounted to a modification of child support and Vermont did not have jurisdiction to modify because Maryland remained the controlling state. The "modification" alleged by father is the decreased payment from $435 a month to $100 a month. There was no error because the Vermont order did not modify father's monthly child support obligation. At the time the order was issued, father's ongoing obligation had ended and all that remained was an accrued arrearage. The order merely established the method for father to satisfy the arrearage, and did not purport to change a current monthly child support obligation.

The rest of father's arguments have no weight. Father makes general allegations throughout his brief that OCS has committed constitutional violations and engaged in corruption. These allegations are stated only in very general terms, and more importantly, they were not preserved and provide an insufficient basis for relief. His particular claim is that OCS denied him a right to subpoena mother's financial records. This issue was not raised below and not preserved for appeal. See Follo v. Florindo, 2009 VT 11, ¶ 14, 185 Vt. 390 (issues not raised at trial are not preserved, and this Court will not review them on appeal). In any event, father's allegation does not amount to a constitutional violation. OCS has statutory authority to subpoena "information needed to establish, modify, or enforce a child support or parental rights and responsibilities order." 33 V.S.A. § 4105(a). OCS is not obligated, however, to conduct discovery on father's behalf, and did not violate father's rights by failing to obtain information for him. Father had the ability to subpoena relevant documents subject to the relevant rules of procedure. V.R.C.P. 45; V.R.F.P. 4(a)(1) (stating that Rules of Civil Procedure apply to parentage actions).

Father makes other arguments regarding earlier orders in this child-support proceeding. Those arguments were not raised below. Furthermore, they are not within the scope of this appeal, which solely relates to whether the family division erred in ordering father to pay $100 a month to satisfy an accrued arrearage of child support. Therefore, we do not address his arguments concerning prior proceedings in this matter.

To the extent father raises other arguments on appeal, we are not able to discern them and therefore do not address them.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

3