*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-088

SEPTEMBER TERM, 2016

| | | |
|---|---|---|
| Frank Fellows | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Andrew Pallito | } | DOCKET NO. 598-9-15 Wncv |

Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Plaintiff inmate appeals from the superior court's dismissal of his complaint seeking review under Vermont Rule of Civil Procedure 75 of the administrative denial of his grievance, in which he complains about the quality of the food at the Michigan prison facility in which he is incarcerated. We affirm.

Plaintiff's complaint and subsequent filings in the superior court indicate that he believes the prison facility's food is of low quality, is frequently processed in nature, and is not accurately described in the menus. His principal concern is that the meals contain excessive processed foods, which he claims can eventually cause cancer and other physical ailments. Plaintiff has not claimed any particular medical or religious need for a particular diet. Nor has he claimed that the food fails to meet any established minimum nutritional standards.

The superior court determined that because there is no statutory right to review plaintiff's complaint, and the complaint does not fall under any of the common law writs, the court had no subject matter jurisdiction to review the complaint. See Rheaume v. Pallito, 2011 VT 72, ¶¶ 5-11, 190 Vt. 245 (holding that prison programming decisions are not reviewable under Rule 75 because no statute provides for review of such decisions and they are not reviewable under any common law writ). In particular, the court also determined that relief was not available under the "extreme abuse of discretion" standard for arbitrary abuses of power. See Vt. State Employees' Ass'n v. Vt. Criminal Justice Training Council, 167 Vt. 191, 195 (1997) (stating that discretionary acts may be compelled under Rule 75 only where there is extreme abuse of discretion). In so ruling, the court emphasized that plaintiff had neither proffered any specific medical or religious need for, nor pointed to any clear duty on the part of the Department of Corrections to provide him with, his desired choice of foods. Under such circumstances, the court concluded that it was without jurisdiction to consider his complaint.

On appeal, in a one-page pro se brief, plaintiff states that the superior court did not ensure that he had proper counsel, which prevented him from obtaining all of the evidence he needed and being heard. Plaintiff's arguments are unavailing because there is generally no constitutional right to state-funded counsel in civil matters absent a showing of a violation of due process in cases

involving a constitutional liberty interest. See <u>Morissette v. Morissette</u>, 143 Vt. 52, 57 (1983) ("[I]n civil cases a plaintiff has no constitutional right to have counsel provided."); see also <u>Russell v. Armitage</u>, 166 Vt. 392, 397 (1997) (holding that where party faces incarceration from civil contempt proceedings, there is constitutional right to appointment of counsel).

Nor is there a statutory right to counsel at state expense in Rule 75 cases involving prisoners, although the Prisoner's Rights Office within the Defender General's Office often voluntarily assists prisoners with various types of civil claims. In this case, on the day plaintiff's complaint was filed, the superior court, as a matter of policy, sent a copy of the complaint to the Prisoner's Rights Office. In response, an attorney from the Office entered an appearance on behalf of plaintiff, and an investigator from the Office apparently looked into the matter. Ultimately, however, the attorney informed plaintiff that he would not be responding to the State's motion to dismiss. Plaintiff cannot claim ineffective assistance of counsel in a proceeding in which there is no constitutional right to counsel. <u>State v. Clark</u>, 164 Vt. 626, 627 (1995) (mem.). Plaintiff filed a pro se response to the State's motion to dismiss in which he mentioned that his great-grandfather was a Blackfoot chief and that his family had always done their best to live on home-grown rather than processed food, but those statements, as indicated in the superior court's decision, do not suggest that plaintiff ever sought different food options for religious or medical reasons. Other than the issues regarding his attorney, plaintiff raises no claims of error regarding the superior court's decision, and we discern no basis for overturning that decision.

Given our resolution of this appeal, we need not address plaintiff's request that, for discovery purposes, the prison facility be ordered to release the food label information of the food it serves.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

2