VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     23-AP-095



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2023

Brian Leffler\* v. Kristina Leffler

} APPEALED FROM:
}
} Superior Court, Franklin Unit,
} Family Division
} CASE NO. 99-5-20 Frdm
  Trial Judge: Elizabeth Novotny

In the above-entitled cause, the Clerk will enter:

Husband appeals from the family division's final divorce order, arguing that the court erred in its allocation of parental rights and responsibilities (PRR) and parent-child contact (PCC), division of marital property, and award of spousal maintenance to wife.  We affirm the provisions of the final order pertaining to PRR and PCC and reverse and remand as to the spousal-maintenance award and property division.

The parties divorced following a thirty-two-year marriage during which they had seven children, two of whom are minors.  The family division's final order incorporated the parties' complete agreement as to PRR and PCC for the minor children and their partial agreement as to the division of marital property and debts.

At the time of the final hearing, husband and the two minor children resided in Utah, while wife remained in Vermont.  The parties' minor son, B.L., lived with father, while their minor daughter, M.L., lived with one of their adult daughters.  The stipulation provided that husband would have primary PRR for B.L. and wife would have primary PRR for M.L., who was to continue living with her sister unless or until wife moved to Utah, in which case M.L. would reside with wife.  The agreement also included a PCC schedule.

The property stipulation provided, among other things, that wife would be awarded the marital home, as well as one-half of husband's military retirement pay when he began to draw it. The property allocated to husband under the agreement included eight vehicles, among these a 2017 Dodge Ram, a fifth-wheel trailer, and a 2018 Chevy Cruze.  The parties reserved several contested issues for resolution by the trial court, including wife's request for spousal maintenance.  Before addressing these outstanding questions, the trial court made the following findings of fact.

At the time of the final hearing, husband was fifty-four years old and the Deputy Chief Planner for the Army Reserve 76th Operational Response Command. Wife was fifty-three and had recently begun working for an airline.

Early in the parties' marriage, husband and wife both worked outside the home. However, as their family grew, wife needed to stay home to care for their children and maintain the household. The parties at times struggled to pay their bills, but as the older children moved out and husband's income increased, their financial situation improved.

Wife holds an associate's degree in accounting, but was unable to complete a bachelor's degree due to the demands of a household with seven children. Prior to the first day of the final hearing, the most she had earned in a year was $35,000 and her retirement savings were nominal. The court found that wife was in good health and could be expected to work until she reached the age of sixty-seven, but that even if she completed a bachelor's degree or acquired a new trade skill, she lacked sufficient remaining time in the job market to advance her earnings. Wife's gross monthly income was $4718, while her reasonable monthly expenses were $7664.

In addition to accruing twenty-four years of military service, husband worked for several years at IBM during a break from the military. In the course of his career, husband acquired leadership experience and a skill set in planning emergency responses to chemical and biological hazards. The court found that like wife, husband was in good health and could be expected to work full-time until the age of sixty-seven. His gross monthly income was $13,289, including approximately $3000 in nonsalary benefits for meals and housing, and his reasonable monthly expenses were $2965.

Husband will receive a $5200 monthly pension upon his retirement from the military, to be divided equally with wife pursuant to the parties' stipulation. He plans to retire in December 2026 at fifty-eight, and subsequently work part-time as a substitute teacher. Given husband's health, skills, and experience, the family division concluded that this choice would represent a voluntary reduction in hours and income.

Based on these and other findings, the family division resolved all outstanding issues as to the division of property. Wife received 65% of the equity in the marital estate, while husband received 35%. The court found that wife was entitled to compensatory maintenance because her significant contributions to the household over the parties' long marriage made husband's earnings possible. It set maintenance at $3500 per month until husband's projected retirement from the military in December 2026—at which point, the court anticipated that both parties would begin drawing on husband's pension—and $500 thereafter until the death of one of the parties.

On appeal, husband challenges the allocation of PRR and PCC, the division of marital property, and the spousal maintenance award. We review the family division's determinations on these points for an abuse of discretion, and its factual findings for clear error. See MacCormack v. MacCormack, 2015 VT 64, ¶¶ 3, 10, 199 Vt. 233; Delozier v. Delozier, 161 Vt. 377, 381-82 (1994).

At the outset, we note that "our review is confined to the record and evidence adduced at trial[,]" and "we cannot consider facts not in the record." Hoover v. Hoover, 171 Vt. 256, 258 (2000) (declining to consider additional facts proffered on appeal and not part of trial court

record); V.R.A.P. 10(a) (providing that record on appeal consists of items filed in superior court, transcript of proceedings, and record of actions from superior court). Husband's briefs[*] include various uncited factual assertions which are not part of the record below. Cf. V.R.A.P. 28(a)(4) (providing that appellant's brief must contain citations to parts of the record on which appellant relies). Wife's brief includes a motion to strike portions of husband's principal brief on this basis. Though wife's motion is denied because it does not identify specific portions of husband's brief which are outside the record or arguments based thereon, we will not consider husband's assertions where they are unsupported by the record. See Hoover, 171 Vt. at 258.

To the extent husband suggests we should consider information outside the record because he alleges he was not afforded adequate hearing time below and received ineffective representation, we disagree. Assuming for the sake of argument that these circumstances were present, neither would alter the scope of appellate review. See id. Further, husband raised no objection to the way the family division allocated hearing time below and has therefore failed to preserve any related challenge for appeal. LaRiviere v. Shea, 2023 VT 33, ¶ 11 (finding husband failed to preserve argument that trial court did not afford him adequate hearing time to present evidence where he did not raise it below). Nor is this a proceeding in which husband has a right to effective assistance of counsel. State v. Clark, 164 Vt. 626, 627 (1995) (mem.) ("A claim of ineffective assistance of counsel rests on the constitutional right to counsel under the Sixth and Fourteenth Amendments. At a proceeding where there is no constitutional right to counsel, such a claim is inapplicable." (citation omitted)); see also, e.g., Emery v. Emery, No. 2006-299, 2007 WL 5313349, *1 (Vt. May 1, 2007 (unpub. mem.) [https://perma.cc/67QF-KRTU] (rejecting wife's argument that she received ineffective assistance of counsel in divorce proceeding and noting that "[a]part from showing a violation of due process in certain types of civil cases involving a constitutional liberty interest, there is no constitutional or statutory right to effective assistance of counsel in civil cases, and the only potential remedy is a malpractice suit against the attorney").

With this context, we turn first to husband's challenge to the court's order as to PRR and PCC. Husband argues that the court erred in awarding primary PRR for M.L. to wife, given that M.L. lives in Utah with her adult sister, while wife lives in Vermont. He contends that this arrangement is unfair to their adult daughter because the court neither consulted with her, provided for her to receive money for M.L.'s support, nor awarded her legal authority to act on M.L.'s behalf. Where these arguments incorporate factual assertions which are not part of the record, we do not consider those assertions for the reasons set forth above. See Hoover, 171 Vt. at 258.

As described above, the family division's order as to PRR and PCC incorporates a signed agreement between the parties resolving all related issues. At no time did husband object to the court's incorporation of the agreement; instead, when queried by the court, the parties each testified that they entered the agreement voluntarily and believed its terms were in their minor children's best interests. The court then found the agreement was in the children's best interests and, as the parties requested, incorporated it in the final divorce order.

---

[*] After submitting his principal and reply briefs, husband filed a document styled "Information Brief." Following an appellant's reply brief, "[n]o further briefs may be filed without Court permission." V.R.A.P. 28(c). Because such permission was neither sought nor granted, we do not further consider this filing or its enclosures in resolving this appeal.

The family division did not err in finding the agreement was in the children's best interests and adopting it based on the parties' testimony. "Agreements regarding parental rights and responsibilities are presumptively in the best interests of the child, and such agreements may be disregarded only when the court finds that the agreement is not in the best interests of the child or that it was involuntarily entered into." Damone v. Damone, 172 Vt. 504, 511 (2001); see also 15 V.S.A. § 666(a) ("Any agreement between the parents that divides or shares parental rights and responsibilities shall be presumed to be in the best interests of the child."). It was for the parties, not the trial court, to determine whether their agreement was also acceptable to their adult daughter and make any other arrangements necessary to effectuate its provisions. And though husband alleges that he was not afforded sufficient time or a mechanism to offer testimony from the children relevant to PRR and PCC, this contention was never presented to the family division. To the contrary, the record reflects that a hearing date was reserved for issues related to PRR, but the parties instead chose to present the court with their stipulation. Therefore, these arguments were not preserved for our review. See Bull v. Pinkham Eng'g Assocs. Inc., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."). The court's incorporation of the parties' agreement regarding PRR and PCC is affirmed.

We turn next to the spousal maintenance award. On appeal, husband does not challenge the decision to award maintenance, but instead argues that the award should be reduced in both amount and duration because the court: erred in its findings as to the parties' monthly expenses; did not appropriately value his contributions to the marriage; should not have concluded his plans following his projected military retirement represented a voluntary reduction in wages and hours; and ordered maintenance in an amount exceeding that necessary to support wife at the standard of living established during the marriage. Because we agree that the family division's finding as to husband's reasonable monthly expenses was clearly erroneous, we reverse and remand without reaching the remainder of his arguments.

The calculation of a prospective obligor's expenses is foundational to a court's determination of the amount and duration of maintenance, which is established after consideration of "the ability of the spouse from whom maintenance is sought to meet [their] reasonable needs while meeting those of the spouse seeking maintenance." 15 V.S.A. § 752(b)(6). Here, the court determined that husband's reasonable monthly expenses were $2965, and then calculated his disposable income by deducting this figure from his monthly income. It concluded that based on husband's substantial disposable income, he could well afford to make monthly maintenance payments of $3500 through December 2026 and $500 thereafter.

"Although we accord wide discretion to the court in fashioning a maintenance award, the award must be supported by sufficient findings." Strauss v. Strauss, 160 Vt. 335, 340-41 (1993). In reviewing those findings, we consider them "in the light most favorable to the prevailing party below, disregarding the effect of any modifying evidence," and we will not set them aside unless they are clearly erroneous. Solsaa v. Solsaa, 2008 VT 138, ¶ 6, 185 Vt. 587 (mem.) (quotation omitted). Findings are clearly erroneous where they "are not supported by any reasonable, credible record evidence." City of Burlington v. Sisters & Bros. Inv. Grp., 2023 VT 24, ¶ 12.

The court based its findings on the evidence presented at the hearing, which did not include husband's financial affidavit or any similar documentation of his monthly expenses.

4

Husband testified that he had been paying approximately $2035 per month "related to his living expenses," but went on to state that his "base rent" was $2135, while the total of his "rent, utilities, internet, water, sewer," was $2965—precisely the same figure that the trial court found represented his reasonable monthly expenses. However, husband immediately went on to say that his monthly expenses also included payments of $1205 for the Dodge Ram, $300 for the fifth-wheel trailer, and $317 for the 2018 Chevy Cruze—all of which were awarded to him pursuant to the partial property stipulation—that his monthly credit card payments were $450, and that he owed a debt to another adult child in the amount of $17,500 and had agreed to make payment arrangements following the finalization of the divorce.

Wife did not controvert husband's testimony as to his expenses. Nor can we discern any basis in the record on which the court might have determined that husband's monthly expenses were substantially less than what he testified to. Though husband was living with a new partner, there was no evidence of her income beyond an acknowledgment that she "has survivor benefits" related to an ex-husband. A court " 'may consider the effect that [a new partner's] income has on the needs and expenses' " of a party from whom maintenance is sought in assessing their ability to meet their reasonable needs while meeting the needs of the spouse seeking maintenance. Weaver v. Weaver, 2017 VT 58, ¶¶ 32-33, 205 Vt. 66 (quoting Mayville v. Mayville, 2010 VT 94, ¶ 16, 189 Vt. 1)). However, we cannot conclude that the court did so here in the absence of any finding about husband's new partner's income. Similarly, while husband receives a $3000 monthly benefit from the military for housing and sustenance, it is apparent that the court did not deduct this amount in determining husband's reasonable monthly expenses because, in weighing the § 752(b) factors, the court alternatively calculated husband's disposable monthly income by deducting his expenses from both his monthly net and gross pay, the latter of which included the housing and sustenance benefit.

That the court did not explain how it determined husband's reasonable monthly expenses is not itself reversable error. Kanaan v. Kanaan, 163 Vt. 402, 407 (1995) ("Although it is better practice to specify the subsidiary facts upon which ultimate facts are based, it is not reversible error to fail to do so."). However, the court's finding is identical to an amount that husband testified represents only one portion of his monthly expenses, and we can identify no other record evidence which might support the finding. See City of Burlington, 2023 VT 24, ¶ 12. We therefore conclude that, even viewed in the light most favorable to wife, the court's finding as to husband's reasonable monthly expenses was clearly erroneous. Solsaa, 2008 VT 138, ¶ 6. We reverse and remand the spousal maintenance award.

This conclusion necessitates remand of the property division because it is closely related to the maintenance award. See, e.g., Downs v. Downs, 154 Vt. 161, 168 (1990) ("[B]ecause the property division and maintenance award are so closely related, the property division must be vacated in order to allow the trial court leave to revise it if necessary." (citation omitted)). The court found that the property division favored wife by $44,761, which represented approximately one year of spousal maintenance at $3500 per month and was therefore "not a full substitute for spousal maintenance," suggesting that the court awarded property in lieu of maintenance. See 15 V.S.A. § 751(b) (providing that in making a property settlement, court may consider "[w]hether the property settlement is in lieu of or in addition to maintenance"). In addition, wife requested that as part of the property award, husband be ordered to continue paying household expenses related to the marital residence until it was sold. The court denied the request, concluding that this need was addressed through the spousal-maintenance award. For these reasons, the court

must have the opportunity to reconsider the property division on remand. We therefore do not reach husband's challenges to the court's division of marital property.

The trial court's award of PRR and PCC is affirmed. Its decisions concerning spousal maintenance and the division of marital property are reversed and remanded.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
Nancy J. Waples, Associate Justice