**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-287



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2025

| | |
|---|---|
| In re Guardianship of Emily Bacher (Gregory Bacher\*) | } APPEALED FROM:<br>}<br>} Superior Court, Rutland Unit,<br>} Probate Division<br>} CASE NO. 24-PR-05668<br>Trial Judge: Karl C. Anderson |

In the above-entitled cause, the Clerk will enter:

This case involves a petition filed with the probate division to appoint a custodial guardian for minor Emily Bacher by her uncle.  The probate division granted the request, finding that minor was without proper parental care, that uncle was a suitable guardian, and that the guardianship was in minor's best interest.  On appeal, minor's father argues that the evidence does not support the findings, the court erred in not directly addressing his motion to dismiss, and the appointed guardian ad litem had insufficient time to assess parents' suitability prior to the hearing.  We affirm.

The record reveals the following.  Uncle sought an order under 14 V.S.A. § 2623 appointing him as the custodial guardian of minor, born in February 2010.  The petition alleged that in the parents' care minor was not provided with nutritional food, had no regular routine, was allowed unrestricted and unsupervised access to the internet, engaged in self-harm, culminating in an attempt to take her life, was admitted to the hospital, and had missed thirty-four out of forty days of school.  Minor's mother consented to the petition, but her father did not. Minor is over fourteen years old and indicated that her uncle was her choice of guardian.  See 14 V.S.A. § 2650 (providing that minor over fourteen "may choose their guardians, subject to the approval of the Probate Division").  The court held a hearing on the matter.  The court made oral findings on the record that minor was doing well with her aunt and uncle and that it was in her best interests to stay with her aunt and uncle and have visits with parents if she was agreeable.  In a subsequent written order, the court concluded that minor was in need of guardianship in that she was without proper parental care, subsistence, education, medical or other care necessary for her wellbeing, uncle was a suitable guardian, and the guardianship was in minor's best interests. It therefore granted the petition.

On appeal, father argues that the evidence does not support the court's findings that minor was without proper care. We apply a deferential standard of review to the findings of the probate division and will not reverse "unless [those findings] are clearly erroneous." In re K.M.M., 2011 VT 30, ¶ 14, 189 Vt. 372. Even if contrary evidence exists, we uphold the trial court's findings "if they are supported by credible evidence." Id.

Here, there was sufficient evidence to support the court's finding. The minor's counselor testified concerning minor's record of missing school, history of self-harm, attempt to take her own life, residential treatment, and the recommendation that minor not return to her mother and father after leaving the Brattleboro Retreat. The counselor stated that minor lacked healthy food and meals at home and parents had not responded to her mental-health concerns. The counselor further testified that minor was making improvements since living with her aunt and uncle; she was attending school regularly, investing in clubs at school, and experiencing improved mental health. Uncle testified that in parents' care minor was not attending school, was being bullied, and was engaged in unsafe behavior such as cutting. He indicated that since coming to stay with him, minor refused to go home and felt a lot of anxiety when she did go to visit. He testified that he had known minor for years, minor previously accompanied his family on vacations, their household was stable with consistent rules, minor had a good relationship with her nephew and other family members who lived nearby, and he encouraged contact with parents. He testified that he was able and willing to provide necessities for minor such as food and healthcare. The court did not abuse its discretion in crediting this testimony and granting the petition. Although father had a different view of the situation, the credibility of the witnesses and weight of the evidence is to be determined by the trial court, and we will not reexamine the evidence on appeal. See Kanaan v. Kanaan, 163 Vt. 402, 405 (1995). The evidence supports the court's findings and there are no grounds to disturb them on appeal.

Father next argues that the court failed to rule on a motion to dismiss that he filed before the hearing. The motion responded to the factual allegations in the guardianship petition and requested that the court obtain disciplinary records from uncle's employer and that if minor was not ready to return home that the court appoint an alternative placement to uncle. Although the court did not directly address father's motion at the hearing, the court's decision to grant the guardianship implicitly indicates that it did not credit father's allegations and that it denied the motion. "When reviewing a trial court's factual findings, we view them in the light most favorable to the prevailing party below, disregarding the effect of any modifying evidence, and we will not set aside the findings unless they are clearly erroneous." Solsaa v. Solsaa, 2008 VT 138, ¶ 6, 185 Vt. 587 (mem.). As explained above, the evidence supports the court's findings that minor lacked proper parental care and that her uncle was a suitable guardian. Therefore, the court did not err in denying the motion to dismiss.

Father's final argument concerns the guardian ad litem (GAL) that the court appointed for minor several days prior to the hearing. See 14 V.S.A. § 2625(e) (authorizing appointment of guardian ad litem); V.R.P.P. 18(c) (requiring court to appoint guardian ad litem for minor). Father contends that this was in error because the GAL had insufficient time to speak with father or visit parents' home before the hearing. Father fails to demonstrate how the late appointment resulted in error. At the hearing, the GAL acknowledged that she had not yet visited either household and she made no statement regarding the conditions of parents' home. She explained that she had spoken with minor's aunt and minor, and based on these conversations, the GAL indicated that minor was thriving with her aunt and uncle and she therefore supported the

guardianship.  Given that the court did not rely on the GAL's opinion regarding parent's home or minor's situation there, father has failed to demonstrate how the late appointment resulted in error.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice